## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 02 2015, 7:46 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
|---|---|
| A. Taylor<br>Hammond, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Kyle Hunter<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A. Taylor,<br>*Appellant,*<br><br>v.<br><br>Indiana Bureau of Motor Vehicles, State of Indiana, Gerald B. Coleman as Commissioner of the Bureau of Motor Vehicles<br>*Appellee.* | December 2, 2015<br><br>Court of Appeals Case No. 45A03-1506-PL-816<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Elizabeth F. Tavitas, Special Judge<br><br>Trial Court Cause Nos. 45D11-0506-PL-74, 45D03-1407-PL-3 |

**Bradford, Judge.**

# Case Summary

In 2002, Appellant A. Taylor brought suit against Appellees the Indiana Bureau of Motor Vehicles ("the BMV"), the State of Indiana ("the State"), and Commissioner of the BMV, Gerald Coleman. The case involved the renewal of Taylor's driver's license. On April 8, 2014, the trial court issued a final order resolving all pending issues. Taylor filed a motion to correct error. The presiding trial court judge subsequently recused herself from the case and a new special judge was appointed. Approximately a year later, the special judge held a hearing to determine the status of the case and found that the April 8, 2014 order resolved all issues before the court and that the motion to correct error was denied pursuant to Indiana Trial Rule 53.3. In his *pro se* appeal, Taylor raises several issues regarding the manner in which the special judge was appointed and argues that the special judge did not have the authority to preside over the case. We affirm.

# Facts and Procedural History

Between 2002 and 2006, Taylor was involved in litigation with Appellees apparently involving the renewal of Taylor's driver's license.[1] On February 9, 2005, judgment was entered in favor of Taylor. On March 16, 2005, Taylor filed a motion for contempt against the BMV for failure to comply with the

---

[1] The record provided is unclear as to the nature of the substantive issue or issues underlying this case.

judgment. The trial court ordered the BMV to comply with the judgment but did not impose sanctions. On April 21, 2005, Taylor filed a notice with the Indiana Supreme Court requesting disqualification of the trial court judge, Judge Diane Schneider, which the Supreme Court denied. On May 31, 2005, Judge Schneider recused herself and ordered that in the event the parties could not agree on a special judge, Judge Jeffrey Dywan would be appointed. The case was transferred to Judge Dywan on June 20, 2005.

[3] On July 28, 2005, Taylor filed a second motion for contempt and sanctions. After a hearing on the motion, the trial court denied Taylor's request for contempt and sanctions. Taylor unsuccessfully appealed the trial court's denial of his motion.

[4] On June 18, 2013, Taylor again filed a motion for contempt and sanctions.[2] In the time since Taylor's previous filings, Judge Dywan had retired and Judge Schneider had assumed Judge Dywan's docket. Because Judge Schneider had previously presided over and recused herself from the case, she did not accept jurisdiction over the case and instead appointed Special Judge Sheila Moss. On December 13, 2013, Taylor filed a complaint against Judge Moss with the Indiana Supreme Court and subsequently filed a motion requesting the

---

[2] It appears from the docket sheet that Taylor may have had a new issue with the renewal of his driver's license. However, as stated above, the specific substantive issues raised by Taylor are unclear in the record.

appointment of a new special judge. The Supreme Court declined to withdraw Judge Moss from the case.

On April 8, 2014, the trial court denied Taylor's pending June 18, 2013, motion for contempt and sanctions and gave Taylor ten days to submit a letter to the BMV requesting an administrative hearing. On May 12, 2014, Taylor filed a motion to correct error. On July 7, 2014, Judge Moss recused herself from the case in an order explaining that "[g]iven the recent filings by [Taylor], it has become apparent that [Taylor] no longer has confidence in the competence and ability of the current Special Judge herein; and The Court finds there are no motions currently pending in this matter." Appellant's App. p. 3. On July 7, 2014, Taylor filed a motion to vacate and rescind Judge Moss's order of recusal. Because the parties failed to agree to a new special judge, the trial court appointed Judge Elizabeth Tavitas as special judge.

On February 23, 2015, Taylor filed with the Indiana Supreme Court a praecipe for withdrawal of Special Judge Tavitas, which was denied. On April 28, 2015, the trial court held a status hearing and issued an order in which it found as follows:

> 3. Based upon the Court's review of the file, and the State's representations confirming what the Court has determined, the Order of April 8, 2014 regarding the merits of the case resolved all issues before the Court.

4. Plaintiff subsequently filed a Motion to Correct Errors which Motion is deemed DENIED based upon Trial Rule 53.3[3]. Plaintiff's remedy was to file an appeal. Plaintiff failed to file. Accordingly, this matter is concluded.

5. The Court finds that any motions filed subsequent to the Order of April 8, 2014 are stricken for the reason that the matter was concluded and there is no relief that can be granted. This cause is hereby disposed based upon the Order of April 8, 2014.

Appellant's App. p. 20. On May 28, 2015, Taylor filed a motion to correct error which was denied by the trial court on June 2, 2015.

# Discussion and Decision

[7] Taylor appeals the trial court's April 28, 2015 order; however, Taylor does not raise any claims of error regarding that order. Instead, Taylor raises several issues regarding the process of special judge appointment and notice thereof. Taylor argues that (1) Judge Schneider was not allowed to appoint Judge Moss because Judge Schneider had previously recused herself from the case, (2) Judge Moss improperly recused herself, (3) Judge Moss erred by failing to properly appoint a new special judge upon her recusal, (4) Judge Tavitas was improperly

---

[3] "In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied." Ind. Trial Rule 53.3.

appointed and so all orders issued by her are invalid, and (5) Taylor did not receive proper notice of the appointment of Judge Tavitas.

[8] Once again, Taylor has made no argument that there was any error in the trial court's April 28, 2015; rather, he argues only that Judge Tavitas did not have proper authority to act as special judge. As noted in the trial court's April 28, 2015 order, the trial court had resolved all substantive issues in its April 8, 2014 order after which Taylor filed a motion to correct error on May 12, 2014. Pursuant to Trial Rule 53.3, Taylor's motion to correct error was denied on June 26, 2014, forty-five days after the motion was filed. Following the denial of his motion to correct error, Taylor had thirty days to file an appeal, which he did not do. *See* Ind. Trial Rule 53.3. Accordingly, Taylor has waived his ability to appeal all arguments regarding decisions or actions of the trial court which occurred prior to the April 8, 2014 order. Because Taylor does not allege any error with the trial court's April 28, 2015 order, that order is affirmed.

[9] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.